UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE STANDARD FIRE INSURANCE  :
COMPANY,                     :
                             :
    Plaintiff,              :                    **COMPLAINT**
                             :
    v.                      :
                             :
MOONBEAM GATEWAY MARINA, LLC, :
                             :
    Defendant.              :
-------------------------------------------------------------X

        Plaintiff, THE STANDARD FIRE INSURANCE COMPANY (hereinafter "Plaintiff" or "Travelers"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Complaint against the Defendant, MOONBEAM GATEWAY MARINA, LLC (hereinafter "Defendant" or "Moonbeam"), alleges, upon information and belief, as follows:

        1.     Travelers is an insurance company authorized to conduct business in New York and is a citizen of the State of Connecticut with its principal place of business in Hartford, Connecticut.

        2.     Moonbeam is a New York limited liability company and is the owner and/or operator of a certain boat marina located at 3260 Flatbush Ave., Brooklyn, New York with its principal place of business in Brooklyn, New York.

        3.     This is a dispute concerning charges for vessel storage at Moonbeam's marina. Travelers owns and is entitled to immediate possession of a certain motor vessel, *i.e.*, a 1985 27-foot Searay Sundancer bearing hull number SERM2795B58S ("the Vessel"), which Moonbeam has wrongfully detained at its Brooklyn marina since about December 8, 2021, *i.e.* when Moonbeam first denied Travelers access to remove the Vessel, notwithstanding that Moonbeam had received full payment of its storage charges. To wit, the Vessel's storage charges were paid

1

through March 31, 2022 by Travelers' assured, Mr. John P. Higgins, at Moonbeams' published winter storage rate of $8.08 per day, which equates to $1,350.00 for the 167-day winter storage season between October 15, 2021 and March 31, 2022.  *See winter storage contract with proof of payment attached as Exhibits 1 and 2.*   However, after the Vessel's ownership transferred from Higgins to Travelers following a covered loss in September of 2021, Moonbeam has since unreasonably demanded payment from Travelers at the exorbitant rate of $135.00 per day, which equates to $22,545.00 for the same 167-day winter storage period.  *See Moonbeam's invoice dated December 8, 2021 attached as Exhibit 3.*  Put simply, since Travelers took ownership of the Vessel, Moonbeam has wrongfully detained the Vessel and has demanded that Travelers agree to pay more than **16.5 times** its published storage rate notwithstanding that Higgins had already fully paid for 2021-2022 winter storage.

4. Subject matter jurisdiction exists under 28 U.S.C. § 1333 because this is an admiralty case within the meaning of Fed.R.Civ.P. 9(h) involving vessel storage, disputed vessel storage fees, and the illegal detention of a vessel by a marina.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Moonbeam resides within this district, and the events giving rise to the dispute occurred within this district. As such, the Eastern District of New York is the proper and most convenient venue.

## COUNT ONE--REPLEVIN

6. At all material times Travelers issued marine insurance policy number 609891636-840-1 to Mr. Paul Higgins, which policy provided hull coverage for the Vessel.  The Vessel sustained a covered submersion loss on or about September 6, 2021 (claim number H3I8883), and title to the Vessel subsequently transferred from Higgins to Travelers.

7. Prior to the loss, on July 24, 2021 Higgins fully paid Moonbeam for the Vessel's 2021 summer storage fees at Moonbeam's marina in the amount of $2,694.10, which payment covered the Vessel's storage through November 17, 2021.

8. After the loss, on November 17, 2021, Higgins fully paid Moonbeam for the Vessel's winter storage fees through March 31, 2022 in the amount of $1,469.81. *See 2021-2022 Moonbeam Winter Storage Contract dated November 17, 2021 in the amount of $1,469.81 attached as Exhibit 1; Higgins' Credit Card Receipt dated November 17, 2021 in the amount of $1,469.81 evincing payment to Moonbeam attached as Exhibit 2.*

9. On or about December 8, 2021, Travelers dispatched a company named Copart to remove the Vessel from Moonbeam's marina. Copart was denied access to the Vessel on the basis that Moonbeam alleged that they were owed additional unpaid storage charges.

10. On or about December 8, 2021, Moonbeam issued an invoice to Travelers for allegedly outstanding storage charges at the daily rate of $135.00, *i.e.,* 27 feet times $5 per foot, which storage charges totaled $11,340.00 from September 15, 2021 through December 7, 2021 (84 days billed). *See Moonbeam's Invoice dated December 8, 2021 attached as Exhibit 3.* Although that invoice to Travelers reflected Mr. Higgins' prior credit card payment of $1,469.81 to Moonbeam for winter storage through March 31, 2022, Moonbeam failed to credit that payment on its invoice to Travelers.

11. Moonbeam charged Mr. Higgins $8.08 per day pursuant to Moonbeam's published rates for the Vessel's winter storage for the period from October 15, 2021 through March 31, 2022. Now, Moonbeam is unlawfully attempting to charge Travelers $135.00 per day for the same storage from December 8, 2021.

12. Travelers has paid Moonbeam the amount of $3,248.43 for its charges unrelated to Vessel storage, *i.e.*, for an emergency haul-out and for loading the Vessel onto a trailer.

13. Moonbeam refuses to release the Vessel until its demands are met and, upon information and belief, Moonbeam has returned some portion of Higgins' winter storage payment in an attempt to artificially legitimize its claim against Travelers, notwithstanding that its winter storage contract reads at clause number 49 as follows: NO REFUNDS WILL BE GIVEN FOR ANY REASON. *See Exhibit 1*.

14. Moonbeam's wrongful detention of the Vessel has prevented Travelers from selling the Vessel for salvage, and thus Travelers has suffered monetary damages as a result of Moonbeam's wrongful detention.

15. Moonbeam has been fully compensated for the Vessel storage charges. Despite due demand by Travelers and its counsel, Moonbeam has wrongfully refused to release the Vessel since at least December 8, 2021 and has demanded additional sums, which it claims continue to accrue.

16. Based on the foregoing, and consistent with Fed.R.Civ.P. 64(b), Travelers seeks a Writ of Replevin from this Honorable Court commanding that Moonbeam immediately release the Vessel to Travelers.

## COUNT TWO – CONVERSION

17. Plaintiff repeats and reallages the foregoing paragraphs as if fully set forth herein.

18. On or about September 6, 2021, following payment to Mr. Higgins for the covered submersion loss pursuant to the policy, title to the Vessel was transferred to Travelers, rendering Travelers the sole, exclusive, and legal owner of the Vessel. *See Bill of Sale, attached here as Exhibit 4.*

4

19. On or about December 8, 2021, Moonbeam issued an invoice demanding payment from Travelers for allegedly outstanding storage charges, despite the existence of a contract for winter storage for which Mr. Higgins had already pre-paid.

20. Moonbeam willfully and maliciously exercised dominion and control over the Vessel, which it had no lawful right to do, to the exclusion and detriment of Travelers' rightful ownership.

21. On or about February 7, 2022, following Moonbeam's initial refusal to release the Vessel to Travelers, the legal owner of the Vessel, Travelers issued a demand for the return of the Vessel, to which the Moonbeam never responded.

22. Moonbeam has failed and refused to return the Vessel.

23. Moonbeam's actions constitute a willful and malicious exercise of dominion over property properly belonging to Travelers was done with the intent to deprive Travelers of its property.

24. As a result of Moonbeam's conversion of the Vessel, Travelers has been prevented from selling the Vessel for salvage, and thus Travelers has suffered monetary damages as a result of Moonbeam's wrongful detention.

## COUNT THREE – BREACH OF CONTRACT

25. Plaintiff repeats and reallages the foregoing paragraphs as if fully set forth herein.

26. Moonbeam, despite the existence of a valid pre-paid contract for the storage of the Vessel for the relevant period, unilaterally increased the storage rate by **16.5** times the contractual rate and refused to release the Vessel to Traveler's unless the excess storage be paid, notwithstanding the existence of a storage contract.

27. Travelers, as owner of the Vessel, is entitled to the benefit of the storage contract, as expressly contemplated by Clause 15 of the contract. *See, Exhibit 1*. Travelers, as owner of the Vessel, is also entitled to the benefit of the storage contract by virtue of its position as a third-party beneficiary of the contract.

28. Despite complete pre-payment and performance under the storage contract by Mr. Higgins, Moonbeam has unilaterally breached the contract by refusing to return the Vessel to Travelers.

## COUNT FOUR—DECLARATORY JUDGMENT

29. Plaintiff repeats and reallages the foregoing paragraphs as if fully set forth herein.

30. Pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy exists between Travelers and Moonbeam concerning storage charges for the Vessel, including from November 17, 2021 until the time of Moonbeam's illegal detention of the Vessel beginning on or about December 8, 2021.

31. Travelers seeks a declaration of the rights, duties and obligations of the parties, and a judgment providing that it has no further payment obligation to Moonbeam with an Order compelling Moonbeam to release the Vessel from detention.

WHEREFORE, Plaintiff, THE STANDARD FIRE INSURANCE COMPANY seeks: (1) a Writ of Replevin allowing it to reclaim the Vessel from detention by Moonbeam; (2) a judgment declaring that it has no further payment obligation to Moonbeam related to the Vessel; (3) a money judgment compensating it for lost salvage proceeds; (4) the costs and expenses of this action; and (5) for such other relief as this Court may deem just and proper.

Dated: June 29, 2022

        Attorney for Plaintiff,
        THE STANDARD FIRE INSURANCE COMPANY,

BY: _____
        Charles E. Murphy, Esq.
        Steven R. Winters, Esq.
        LENNON MURPHY & PHILLIPS, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, New York 10170
        (212) 490-6050
        cmurphy@lmplaw.net